**PIZONKA, REILLEY, BELLO & MCGRORY, P.C.**
SALVATORE F. BELLO, JR., ESQUIRE
Attorney I.D. No. 57060
JENNIFER S. DORAN, ESQUIRE
Attorney I.D. No. 306617
144 East DeKalb Pike, Suite 300
King of Prussia, PA 19406
(610) 992-1300

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 380 PENSION TRUST FUND, IBEW LOCAL UNION NO. 380 PENSION TRUST FUND, IBEW LOCAL UNION NO. 380 MONEY PURCHASE PENSION TRUST FUND, THOMAS BURKE, in his official capacity as a fiduciary, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 380, et al., <br><br> Plaintiffs <br> v. <br><br> K.M. ELECTRICAL SERVICES, INC., <br><br> Defendant | <br><br><br><br><br><br><br><br><br><br><br><br><br><br> No. 2:11-cv-002410-MSG |

## DEFENDANT K.M. ELECTRICAL SERVICES, INC.'S ANSWER AND AFFIRMITIVE DEFENSES TO INTERVENING PLAINTIFFS' COMPLAINT

Defendant K.M. Electrical Services, Inc. (hereinafter "Defendant"), by and through its undersigned attorneys, Pizonka, Reilley, Bello & McGrory, P.C., hereby answers Plaintiffs International Brotherhood of Electrical Workers Local Union No. 380 Pension Trust Fund, IBEW Local Union No. 380 Pension Trust Fund, IBEW Local Union No. 380 Money Purchase Pension Trust Fund, Thomas Burke, in his official capacity as fiduciary, International Brotherhood of Electrical Workers Local Union No. 380, et al. (hereinafter

"Plaintiff") Complaint and in support thereof avers as follows:

## JURISDICTION

1. Denied as the averment contained in this paragraph is a conclusion of law to which no response is required.

2. Denied as Defendant, after reasonable investigation, is without information to form a belief as to the truth of the matter averred.

## VENUE

3. Denied as the averment contained in this paragraph is a conclusion of law to which no response is required.

## PARTIES

4. Denied as the averment contained in this paragraph is a conclusion of law to which no response is required.

5. Denied as the averment contained in this paragraph is a conclusion of law to which no response is required.

6. Denied as the averment contained in this paragraph is a conclusion of law to which no response is required.

7. Denied as the averment contained in this paragraph is a conclusion of law to which no response is required.

8. Denied as the averment contained in this paragraph is a conclusion of law to which no response is required.

9. Denied as the averment contained in this paragraph is a conclusion of law to which no response is required.

10. Denied as the averment contained in this paragraph is a conclusion of law to

which no response is required.

11. No response is required.

12. No response is required.

13. Denied as the averment contained in this paragraph is a conclusion of law to which no response is required.

## COMMON FACTS

14. Denied as the averment contained in this paragraph is a conclusion of law to which no response is required. Strict proof is demanded at trial.

15. Denied as the averment contained in this paragraph is a conclusion of law to which no response is required. Strict proof is demanded at trial.

16. Denied as the averment contained in this paragraph is a conclusion of law to which no response is required. Strict proof is demanded at trial

17. Denied as Defendant, after reasonable investigation, is without information to form a belied as to the truth of the matter averred.

18. No response is required.

## COUNT I – CONTRIBUTIONS UNDER CONTRACT
## PLAINTIFFS v. DEFENDANT

19. Defendant incorporates its answers to all previous paragraphs of this Answer as if the same were fully set forth at length herein.

20. Denied as the averment contained in this paragraph is a conclusion of law to which no response is required. Strict proof is demanded at trial

21. Denied as the averment contained in this paragraph is a conclusion of law to which no response is required. Strict proof is demanded at trial

WHEREFORE, Defendant respectfully requests that this Honorable Court dismiss Plaintiffs' Complaint, with prejudice and award Defendants their costs in defending this action, including reasonable attorneys' fees.

## COUNT II – CONTRIBUTIONS UNDER ERISA
## ERISA FUNDS v. DEFENDANT

22. Defendant incorporates its answers to all previous paragraphs of this Answer as if the same were set forth at length herein.

23. Denied as the averment contained in this paragraph is a conclusion of law to which no response is required. Strict proof is demanded at trial.

24. Denied as the averment contained in this paragraph is a conclusion of law to which no response is required. Strict proof is demanded at trial.

WHEREFORE, Defendant respectfully requests that this Honorable Court dismiss Plaintiffs' Complaint, with prejudice and award Defendants their costs in defending this action, including reasonable attorneys' fees.

## COUNT III – AUDIT
## PLAINTIFFS v. DEFENDANT

25. Defendant incorporates its answers to all previous paragraphs of this Answer as if the same were set forth at length herein.

26. Denied as the averment contained in this paragraph is a conclusion of law to which no response is required. Strict proof is demanded at trial.

27. Denied as the averment contained in this paragraph is a conclusion of law to which no response is required. Strict proof is demanded at trial.

28. Denied as the averment contained in this paragraph is a conclusion of law to which no response is required. Strict proof is demanded at trial.

29. Denied as Defendant, after reasonable investigation, is without information to form a belief as to the truth of the matter averred. By way of further response, Defendant is, after reasonable investigation, unable to determine how Plaintiffs' conduct their business.

30. Denied as Defendant is, after reasonable investigation, unable to determine at this time if any audit of Defendant's books and records has ever been performed. By way of further response, Plaintiff's averment is vague and ambiguous. Strict proof is demanded at trial.

31. Denied as the averment contained in this paragraph is a conclusion of law to which no response is required. Strict proof is demanded at trial.

32. Denied as the averment contained in this paragraph is a conclusion of law to which no response is required. Strict proof is demanded at trial.

33. Denied as the averment contained in this paragraph is a conclusion of law to which no response is required. Strict proof is demanded at trial.

WHEREFORE, Defendant respectfully requests that this Honorable Court dismiss Plaintiffs' Complaint, with prejudice and award Defendants their costs in defending this action, including reasonable attorneys' fees.

## COUNT IV – CONTRIBUTIONS UNDER CONTRACT AFTER AUDIT
## PLAINTIFFS v. DEFENDANT

34. Defendant incorporates its answers to all previous paragraphs of this Answer as if the same were set forth at length herein.

35. Denied as the averment contained in this paragraph is a conclusion of law to which no response is required. Strict proof is demanded at trial.

36. Denied as the averment contained in this paragraph is a conclusion of law to

which no response is required. Strict proof is demanded at trial.

WHEREFORE, Defendant respectfully requests that this Honorable Court dismiss Plaintiffs' Complaint, with prejudice and award Defendants their costs in defending this action, including reasonable attorneys' fees.

### COUNT V – ERISA FUNDS v. COMPANY
### PLAINTIFFS v. DEFENDANT

37. Defendant incorporates its answers to all previous paragraphs of this Answer as if the same were set forth at length herein.

38. Denied as the averment contained in this paragraph is a conclusion of law to which no response is required. Strict proof is demanded at trial.

39. Denied as the averment contained in this paragraph is a conclusion of law to which no response is required. Strict proof is demanded at trial.

40. Denied as the averment contained in this paragraph is a conclusion of law to which no response is required. Strict proof is demanded at trial.

WHEREFORE, Defendant respectfully requests that this Honorable Court dismiss Plaintiffs' Complaint, with prejudice and award Defendants their costs in defending this action, including reasonable attorneys' fees.

### COUNT VI - INJUNCTION
### PLAINTIFFS v. DEFENDANT

41. Defendant incorporates its answers to all previous paragraphs of this Answer as if the same were set forth at length herein.

42. Denied as the averment contained in this paragraph is a conclusion of law to which no response is required. Strict proof is demanded at trial.

43. Denied as the averment contained in this paragraph is a conclusion of law to

which no response is required. Strict proof is demanded at trial.

44. Denied as the averment contained in this paragraph is a conclusion of law to which no response is required. Strict proof is demanded at trial.

WHEREFORE, Defendant respectfully requests that this Honorable Court dismiss Plaintiffs' Complaint, with prejudice and award Defendants their costs in defending this action, including reasonable attorneys' fees.

### FIRST DEFENSE

This Complaint is barred, in whole or in part, by the applicable Statute of Limitations and/or Doctrine of Laches.

### SECOND DEFENSE

This Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### THIRD DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

### FOURTH DEFENSE

Plaintiffs' claims are barred by the Statute of Frauds.

### FOURTH DEFENSE

Plaintiffs' claims are barred by the doctrine of satisfaction and accord.

### FIFTH DEFENSE

Plaintiffs' claims are barred by its consent.

### SIXTH DEFENSE

Plaintiffs' claims are barred because it failed to give proper notice to the Defendant.

### SEVENTH DEFENSE

Plaintiffs' claims are barred because it breached any alleged contract between the

parties and/or the parties' agents or representatives.

WHEREFORE, Defendant respectfully request that this Honorable Court dismiss Plaintiffs' complaint with prejudice and award Defendants their costs in defending this action, including reasonable attorneys' fees.

Respectfully Submitted,

**PIZONKA, REILLEY, BELLO & MCGRORY, P.C.**


BY: _____
SALVATORE F. BELLO, JR., ESQUIRE
Attorney I.D. No. 57060
JENNIFER S. DORAN, ESQUIRE
Attorney I.D. No. 306617
144 East DeKalb Pike, Suite 300
King of Prussia, PA 19406
(610) 992-1300

DATED: 3/8/11